USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/5/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE EDWIN R. WATLEY

26-MC-00045 (MMG)

ORDER OF DISMISSAL

MARGARET M. GARNETT, United States District Judge:

Edwin R. Watley ("Watley"), who is appearing *pro se*, initiated this matter as a miscellaneous case. *See* Dkt. No. 1. He has not paid the filing fee, nor has he filed a request to proceed *in forma pauperis*. Watley styles his case initiating document as a "Motion to Enforce Federal Consent Decree," in reference to a "Federal Consent Decree entered in this matter." *See id.* Watley does not attach the purported consent decree or offer any information as to its contents or origin, nor does he cite any pending case or explain what "this matter" refers to. His submission merely asserts in summary fashion that "AXA/Equitable, Respondent" has not complied with its obligations under the unspecified consent decree. *See generally id.*

As this Court previously explained in a different miscellaneous action, "[t]he District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *Vega v. United States*, No. 24-MC-00262 (MMG), 2024 WL 3013848, at *1 (S.D.N.Y. June 14, 2024) (quoting *In re Varholy*, No. 3:23-MC-00004 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023)). The Court listed the limited matters where assignment of a miscellaneous case number is proper, including matters where the applicant seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* (citing *In re Varholy*, 2023 WL 4236044, at \*2, and District Clerks' Manual § 4.03.a. 1.(ii)-(xvi)).

Watley's motion is not properly brought as a miscellaneous action. It is wholly unclear what relief Watley seeks, and even the most generous reading of his submissions cannot bring this action within the limited category of matters where use of the miscellaneous docket is proper. Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice.

The dismissal of this matter without prejudice does not prevent Watley from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including litigants proceeding *pro se*, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.

## CONCLUSION

This action is dismissed without prejudice on the ground that it is not a proper miscellaneous case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: February 5, 2026
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

2